UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STEPHEN ALEXIS T. JILES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) CV419-177 |
| | ) CR417-227 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Stephen Jiles pleaded guilty to one count of possession of a firearm by a convicted felon. Doc. 21.[1] He was sentenced on May 29, 2018 to 46 months of incarceration and three years of supervised release. Doc. 33. His current motion, pursuant to 28 U.S.C. § 2255, seeks to vacate, set aside, or correct his sentence because of the Supreme Court's decision in *Rehaif v. United* States, 588 U.S. ___, 2019. Doc. 40.[2] For the following

---

[1] Unless otherwise noted, all citations are to the criminal docket in CR417-227.

[2] Defendant initially filed his motion as an Emergency Petition to Expedite Writ of Error Coram Nobis. Doc. 40. The Court warned plaintiff pursuant to *Castro v. United States*, 540 U.S. 375, 384 (2003) that it would construe his petition as a § 2255 motion

reasons, preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**.

## ANALYSIS

As an initial matter, defendant's motion is untimely. A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment was entered against defendant on May 29, 2018. Doc. 34. He did not file an appeal before the deadline to appeal ran on June 12, 2018. Fed. R. App. P. 4(b)(1)(A). He had one year from

---

unless withdrawn or otherwise supplemented. Defendant did not respond to that warning.

that date to file a habeas motion. His motion was signature filed on July 9, 2019. Doc. 40. Thus, he missed the deadline to file by a month.[3]

Even if he were not out of time, § 2255 affords him no relief. The Court of Appeals for the Eleventh Circuit has already determined that a guilty plea waives any *Rehaif*-based issues. Specifically, the Court explained, that:

> For an indictment to confer subject matter jurisdiction upon a district court, it must allege that a defendant committed one or more "offenses against the laws of the United States." *United States v. Moore*, 954 F.3d 1322, 1333 (11th Cir. 2020) (quotations omitted). Notably, however, "[t]he absence of an element of an offense in an indictment is not tantamount to failing to charge a criminal offense against the United States." *Id.* (emphasis added). A defendant's voluntary guilty plea waives all non-jurisdictional defects in the proceedings against him. *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014). A jurisdictional defect, by contrast, may not be waived or procedurally defaulted, so a defendant need not show cause and prejudice to collaterally attack a conviction suffering from a jurisdictional defect. *McCoy*, 266 F.3d at 1248-49.
>
> It is "unlawful for any person" who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g). Section 924(a)(2) provides

---

[3] Although defendant does not raise this argument, *Rehaif* did not restart the one-year clock to refile because *Rehaif* "did not announce a new rule of constitutional law" made retroactive to cases on collateral review." *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).

> that any person who "knowingly violates" § 922(g) may be imprisoned for up to ten years. *Id.* § 924(a)(2).
>
> In *Rehaif*, the Supreme Court held that, "in a prosecution under . . . § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. However, because *Rehaif* "neither stated nor intimated that [§] 922(g) is not a criminal prohibition," and because § 924(a)(2) is a penalty provision and "cannot stand alone as the sole criminal offense," we've rejected the claim that § 924(a)(2) must be included in an indictment to confer jurisdiction on the district court. *Moore*, 954 F.3d at 1337. Thus, as we concluded in *Moore*, neither a criminal indictment's failure to include a mens rea element in charging a defendant of violating 18 U.S.C. § 922(g), nor that indictment's failure to track the language of § 924(a)(2), deprives a district court of jurisdiction to enter a conviction against a defendant. *Id.* at 1336–37.

*Marks v. United States*, 834 F. App'x 568, 569 (11th Cir. 2021). Because a "defendant's voluntary guilty plea waives all non-jurisdictional defects in the proceedings against him," and because a "*Rehaif* error is non-jurisdictional," *Marks*, 834 F. App'x at 569, Jiles' voluntary guilty plea waived any challenged to his indictment. Thus, his motion should be **DENIED**. Doc. 40.

## CONCLUSION

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9,

2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of April, 2021.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA